[No. 4214.   Decided July 23, 1902.]

J. B. MULLENNIX et al., Respondents, v. H. M. BRUMMETT, Ap-
pellant.

Appeal from Superior Court, Chehalis County.—Hon. MASON
IRWIN, Judge.  Affirmed.

W. H. Abel and A. M. Abel, for appellant.

B. G. Cheney, for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Suit for dissolution of partnership and an
accounting among the copartners.  The findings of the superior
court are substantially as follows:   That the partnership was
formed by parol agreement about July 1, 1899, for the purpose of
logging certain timber standing within one thousand feet of the
Satsop river, Chehalis county; that a portion of the timber was
owned under contract of purchase by plaintiffs, and a portion of
the land on which some of the timber stood was owned by
plaintiff McDougall; that plaintiffs did not transfer or agree to
transfer to the partnership any interest in the contract for the
purchase of the timber, but only granted to the partnership a
permissive right to log such timber and to pay the owners fifty
cents per thousand feet for all timber so logged; that there was
no time limit fixed for such partnership, and no actual agreement
as to the length of time such business should be conducted;
that under such agreement the partnership built roadways neces-
sary for logging and cut about 346 logs of about one thousand
feet board measure; that by the terms of the agreement the
plaintiffs were to furnish the timber to be logged, and defendant
was to furnish the use of his team, and all parties were to con-
tribute their labor in the business; that each was to pay one-third
of the expenses, and each should receive one-third of the profits
of the business; that the partnership continued business until
about the 15th of November, 1900; that defendant at different
times collected sums of money belonging to the partnership, for
which he failed and refused to account; and that by reason there-
of differences arose between the parties, making it necessary to
dissolve the partnership and to take an accounting.   The defend-
ant claimed damages for the dissolution of the partnership.   The

court found that no proof of damages had been made. The decree dissolved the partnership and made an accounting.

No controversy is made here upon the sums stated in the account. The evidence relating to the grounds for dissolution of the partnership has been examined, and, we think, sustained the finding that necessity for a dissolution existed. A general demurrer was interposed to the complaint and overruled. We are satisfied the complaint stated a cause of action. No error of law is perceived in the conclusions of the superior court, and the judgment is affirmed.

ANDERS, FULLERTON, HADLEY, MOUNT, WHITE and DUNBAR, JJ., concur.